IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William R. Pelfrey, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CSX Transportation, Inc., )<br>)<br>Defendant. )<br>) | Civil Action No. 8:05-2313-RBH-WMC<br><br>**O R D E R** |

This matter is before the court on the defendant's motion to compel the plaintiff to fully respond to discovery, which was filed June 2, 2006. This motion and others were referred to this court by the Honorable R. Bryan Harwell, United States District Judge, by order filed June 5, 2006. A telephonic hearing on the motions was held before this court on June 8, 2006.

The only issue remaining in the instant motion is the defendant's request that the plaintiff be compelled to produce witness statements that were identified in the plaintiff's supplemental responses to the defendant's interrogatory number 12. The plaintiff opposes the motion, arguing that the statements are protected work product.

## **FACTS PRESENTED**

The plaintiff was injured on July 20, 2003, while working as an engineer on defendant CSX Transportation, Inc.'s train, which derailed and collided with a parked train. He brought this action for negligence under the Federal Employers' Liability Act, 45 U.S.C. § 51. He seeks damages for pain and suffering, mental anguish, disability, lost wages, future wages, and medical expenses.

In January and February 2004, at the direction and expense of plaintiff's counsel, an investigator took recorded statements from Scott Pettus, a train conductor with CSX; Shane Brown, a locomotive engineer with CSX; Jonathan Sumner, a locomotive engineer with CSX; and Karlin T. Coleman, a train conductor with CSX. The plaintiff submitted the statements for *in camera* review on June 13, 2006.

## ANALYSIS

The plaintiff argues that the statements were taken in anticipation of litigation and at the specific direction of the plaintiff's counsel, and therefore the statements constitute privileged work product. The defendant contends that even assuming that the statements constitute work product, it has shown a substantial need for the statements, and thus the plaintiff should be compelled to produce the statements.

Work product of an attorney is divided into two types: opinion work product and non-opinion work product. "The former enjoys absolute immunity, while the latter is protected only be qualified immunity." *Cameron v. General Motors Corp.*, 158 F.R.D. 581, 588 (D.S.C. 1994) (citing *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984 (4th Cir. 1992)), *vacated in part by In re General Motors Corp.*, 1995 WL 940063 (1995). Work product that does not consist of impressions or opinions is discoverable "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

The statements at issue are clearly work product as they were prepared in anticipation of litigation and at the direction of the plaintiff's counsel. For purposes of this motion, the court will consider the statements to be non-opinion work product. Accordingly, the defendant may obtain the statements only upon a showing that it has a substantial need

for the statements in the preparation of its case and that it is unable to obtain the substantial equivalent by other means without undue hardship.

The individuals from whom the statements were taken are employed by the defendant. The defendant argues:

> These co-workers are well-schooled in the art of litigation, and the union helps them from the time fo the accident through the litigation process. In addition, because of the loyalty of these witnesses to their co-worker, and some cases to plaintiff's counsel, it is unlikely these witnesses would reveal information to [the defendant] in the form of a deposition or statement that would place responsibility on the plaintiff.

(Def. supp. m. to compel 3). The plaintiff notes that there has been no suggestion by the defendant that these witnesses are unavailable. The plaintiff further notes that two of the individuals have already been deposed (pl. resp. m. to compel 3).

This court has reviewed the statements at issue and finds that the defendant has failed to make the required showing of substantial need and inability without undue hardship to obtain the substantial equivalent of the statements by other means. Accordingly, the defendant's motion to compel is denied.[1]

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

June 28, 2006

Greenville, South Carolina

---

[1] The Clerk is directed to file the statements at issue under seal for viewing only by the Court.